# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Z..M., a minor under the age of eighteen through his parent, Ashley Manley for themselves, and on behalf of a class of those similarly situated, <br><br> Plaintiff(s), <br><br> vs. <br><br> Joshua Baker, in his official capacity as Director of South Carolina Department of Health and Human Services (SCDHSS), <br><br> Defendant(s). | Case No.: 3:18-cv-1370-JMC |

## AMENDED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELEIF

### PRELIMINARY STATEMENT

1. This is a class action for declaratory and injunctive relief pursuant to 28 U.S.C. § 2201(a), 42 U.S.C. §1983, Federal Rule of Civil Procedure 65 and common law to establish the rights of Lead Plaintiff Z.M., through his parent, Ashley Manley (hereafter "Z.M." or "Plaintiff") and all South Carolina children under the age of twenty-one with an Autism Spectrum Disorder (an "ASD") who receive Medicaid services and have been prescribed medically necessary applied behavioral analysis treatment (hereinafter referred to as "ABA").

1

## LEAD PLAINTIFF ALLEGATIONS

2.     Z.M. is six year old boy.

3.     Z.M. and his mother Ashley Manley are residents of Lexington County, South Carolina.

4.     The Medicaid Act (Title XIX of the Social Security Act, 79 Stat. 286 (1965), codified at 42 U.S.C. § 1396 et seq.), mandates that states who volunteer to receive federal funding for their Medicaid programs must comply with the Medicaid Act and its implementing regulations.

5.     South Carolina participates in the federal Medicaid program.

6.     By taking federal funds for its Medicaid program, the State is <u>required</u> to provide early and periodic screening, diagnostic, and treatment ("EPSDT") services to all Medicaid eligible children under the age of twenty-one. 42 U.S.C. § 1396a(a)(10) & (43); 42 U.S.C. § 1396d(a)(4)(B); and 42 U.S.C. § 1396d(r).

7.     ABA is an approved EPSDT treatment and is required medical assistance under the Medicaid Act.

8.     Joshua Baker is the Director of South Carolina Department of Health and Human Services ("SCDHHS") which is the state agency responsible for administering the federal Medicaid program in South Carolina.  Mr. Baker is named in his official capacity.

9.     On September 29, 2015, Stacey Cobb, MD, a licensed pediatric doctor and Assistant Professor for Pediatrics, confirmed Z.M. to have Autism Spectrum Disorder ("ASD") and prescribed as part of his plan, intensive ABA home therapy.

10.     On November 10, 2015,  Z.M. received his Authorization Letter from SCDHSS for Medicaid coverage of 40 line therapy hours per week, 6 lead hours per week, and 6 consultation hours per week of ABA therapy.  This authorization allowed Early Intensive Behavior Intervention Providers ("Providers") to furnish Z.M. the medically necessary services including ABA and bill Medicaid.

11.     Mrs. Manley promptly applied for but has not received medical assistance for the medically necessary and prescribed ABA therapy for Z.M.

12.     Z.M. is on a waiting list for ABA therapy and has been since Dr. Cobb confirmed his diagnosis and treatment approved by SCDHSS on November 10, 2015, <u>almost 3 years waiting for medically necessary treatment.</u>

13.     SCDHSS is not making medical assistance available to Z.M.

14.     SCDHSS is not ensuring medical assistance is furnished with reasonable promptness to Z.M..

15.     SCDHSS is not arranging for corrective treatment the need for which is disclosed by EPSDT screening.

16.     ABA treatment is critical at Z.M.'s age to make a behavioral impact on his adult life. Without ABA, Z.M. faces serious harm, including regression of his skills and increases in potentially dangerous behaviors as he approaches adolescence.

17.     Mrs. Manley depends on Medicaid to cover Z.M.'s medical expenses and cannot otherwise afford the costs of ABA treatment.

18.     The failure of SCDHHS to provide Z.M. and other members of his class with medical assistance for medically necessary, approved ABA therapy is causing Z.M. and the members of his class irreparable harm.

19.     Z.M. is not alone, upon information and belief there are over 1,500 children on such a waiting list and with more Providers leaving the state, the situation will get worse and not better.

20.     This is a Class action to establish the rights of Z.M. and the Class of similarly situated children and young adults he seeks to represent to receive medical assistance for medically necessary ABA treatment under Medicaid.

## CLASS ALLEGATIONS

21.    Z.M., through his mother, brings this action on Z.M.'s behalf and on behalf of a Class of all those similarly situated pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.

22.    Z.M. and the members of the Class have been or will be:

a)  receiving health benefits insured by Medicaid that are subject to the Medicaid Act;

b)  professionally diagnosed with ASD;

c)  prescribed or recommended ABA treatment as being medically necessary by a physician or appropriate healthcare professional;

d)  recipient of an Authorization Letter by SCDHSS for ABA therapy; and

e)  not currently receiving ABA therapy or the prescribed amount of ABA therapy after applying for such services.

23.    Thus, the proposed class consists of: All current and future Medicaid-eligible persons in South Carolina under the age of twenty-one who have been diagnosed with an Autism Spectrum Disorder ("ASD"), prescribed or recommended some level of applied behavioral analysis ("ABA") treatment as being medically necessary to ameliorate their condition who were approved for ABA therapy by SCDHSS, but have not been receiving such services or the prescribed amount of such services after applying ("the Class").

24.    Membership in the Class is so numerous that joinder of all members is impractical. Upon information and belief, more than 1,000 Medicaid eligible children in South Carolina have an ASD and need ABA treatment.

25.    Common questions of law and fact exist, including whether SCDHSS is violating the Medicaid Act by failing in "making medical assistance available to all [eligible] individuals" under 42 U.S.C. § 1396a(a)(10)(A), ensuring medical assistance is "furnished with reasonable promptness to all eligible individuals" under 42 U.S.C. §

1396a(a)(8) ("reasonable promptness requirement"), and by failing to arrange for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment the need for which is disclosed by EPSDT as required by 42 U.S.C. §1396(a)(43)(c).

26.     The claims and injuries of Z.M. are typical of the claims and injuries of the other putative Class members because Z.M.: (a) is a child Medicaid recipient diagnosed with an ASD; who has (b) been recommended and approved for ABA treatment; but, (c) is not receiving medical assistance for medically necessary ABA therapy as a covered Medicaid service.   Defendant Baker and SCDHSS are not providing these services as required. These are the same injuries that members of the Class will suffer, unless this Court grants relief.

27.     Like Z.M., members of the putative class also are under the age of twenty-one who have been diagnosed with an Autism Spectrum Disorder ("ASD"),   prescribed or recommended some level of applied behavioral analysis ("ABA") treatment as being medically necessary to ameliorate their condition who were approved for ABA therapy by SCDHSS, but have been unable to receive such services after applying.

28.     Z.M., through his mother Mrs. Manley will fairly and adequately represent and protect the interests of the Class. They intend to prosecute this action vigorously in order to secure remedies for the Class. Counsel of record for Z.M. is experienced in federal litigation and class actions.

29.     SCDHSS, through the direction of Director Baker, under the color of law, has acted, refused to act, and/or failed to act on grounds that apply generally to the Class such that final injunctive or declaratory relief is appropriate for the Class as a whole.

## JURISDICTION AND VENUE

30.     This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), 42 U.S.C § 1983 (civil action for deprivation of rights) and 28 U.S.C. § 2201(a).

31.     Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiffs' claim occurred in this District.

## COUNT I
## VIOLATION OF CIVIL RIGHTS (MEDICAID ACT)
## 42 U.S.C. § 1983

## DECLARATION OF RIGHTS

32.     Plaintiffs incorporate each allegation above as though fully set forth herein.

33.     This Count is brought solely against Defendant Baker for actions and omissions in his official capacity under color of state law.

## 42 U.S.C. § 1396a(a)(10)(A)

34.     Under 42 U.S.C. § 1396a(a)(10)(A), "[a] state plan for medical assistance must provide . . . for making medical assistance available [for described services] to" all individuals who meet certain eligibility requirements.

35.     As of March 23, 2010[1], "[t]he term 'medical assistance' means payment of part or all of the cost of the following care and services o*r the care and services themselves, or both*." 42 U.S.C. § 1396d(a) (2013) (emphasis added).

36.     Early and periodic screening, diagnostic, and treatment services [EPSDT] (as defined in subsection (r)) for individuals who are eligible under the plan and are under

---

[1] As part of its enactment Patient Protection and Affordable Care Act, Congress amended the definition of "medical assistance" under 42 U.S.C. § 1396d(a). As one court has already noted, it appears that Congress intended to squarely address the circuit split and "to clarify that where the Medicaid Act refers to the provision of services, a participating State is required to provide (or ensure the provision of) services, not merely to pay for them[.]" John B. v. Emkes, 852 F. Supp. 2d 944, 951 (M.D. Tenn. 2012).

the age of 21 is included in the definition of medical assistance. 42 U.S.C. § 1396d(a)(4)(B)(*Emphasis added.*)

37. ABA therapy is an approved and medically necessary treatment service under EPSDT.

38. An eligible Medicaid beneficiaries' right to medical assistance including ABA therapy under EPSDT as provided in 42 U.S.C. § 1396a(a)(10)(A) is a federal right enforceable under 42 U.S.C.A. § 1983.

39. Defendant Baker in his official capacity and under the color of state law is depriving Z.M. and the members of the Class of their rights secured by the Medicaid Act by not making medical assistance available for medically necessary and approved ABA treatment services to all eligible individuals including Z.M. and the other members of the Class.  42 U.S.C.A. § 1983

40. As clarified by Congress through its amendment to §1396(d)(a), SCDHSS must not only pay for the costs of the services but also ensure that the Plaintiff and other members of the Class have access to and are actually receiving such services.

41. The Plaintiff requests this court declare that Defendants' actions and inactions violate 42 U.S.C. § 1983, Title XIX of the Social Security Act and specifically their rights secured by the Medicaid Act to medical assistance for medically necessary and approved ABA treatment services to all eligible individuals including Z.M. and the other members of the Class.

### 42 U.S.C. §§ 1396(a)(8)

42. Plaintiffs incorporate each allegation above as though fully set forth herein.

43. Under the Medicaid Act, Defendant Baker and SCDHSS must ensure medical assistance is "furnished with <u>reasonable promptness</u> to all eligible individuals" 42 U.S.C. § 1396a(a)(8).

44. SCDHSS must set standards for the timely provision of EPSDT services which meet reasonable standards of medical practice and <u>must employ processes to ensure</u>

<u>timely initiation of treatment,</u> if required, generally within <u>an outer limit of 6 months</u> after the request for screening services. 42 CFR 441.56(e)

45.     Although formally diagnosed on September 29, 2015 and approved by SCDHSS for ABA treatment, Z.M. has been on a waiting list since November 15, 2015.   Thus, Z.M. has been waiting <u>but not receiving</u> medical assistance <u>for almost three (3) years</u>.

46.     SCDHSS must furnish Medicaid promptly to beneficiaries without any delay caused by the agency's administrative procedures.

47.     SCDHSS must also continue to furnish Medicaid regularly to all eligible individuals until they are no longer eligible.  42 CFR 435.930(b)

48.     Z.M. and other members of the Class are not being furnished Medicaid promptly or regularly as required by the Medicaid Act.

49.     An eligible Medicaid beneficiaries right to regular and reasonably prompt medical assistance in the form of ABA therapy as provided in 42 U.S.C. § 1396(a)(8) and 42 CFR 435.930(b) is a federal right enforceable under 42 U.S.C.A. § 1983.

50.     Defendant Baker in his official capacity and under the color of state law is depriving Z.M. and the members of the Class of their rights secured by the Medicaid Act by failing to ensure medical assistance is regularly "furnished with reasonable promptness to all eligible individuals including Z.M. and the members of the Class. 42 U.S.C.A. § 1983

51.      The Plaintiff requests this court declare that Defendants' actions and inactions violate 42 U.S.C. § 1983, Title XIX of the Social Security Act and specifically their rights secured by the Medicaid Act to regular and reasonably prompt medical assistance in the form of medically necessary and approved ABA therapy.

<u>**42 U.S.C. §§1396(a)(43)**</u>

52.     Plaintiffs incorporate each allegation above as though fully set forth herein.

53.     Pursuant to 42 U.S.C. §1396(a)(43), SCDHSS must (A) inform all eligible persons in the State who are under the age of 21 of the availability of early and periodic

screening, diagnostic, and treatment services (EPSDT) (B) provide or arrange for the provision of such screening services in all cases where they are requested, and (C) arrange for corrective treatment the need for which is disclosed by such child health screening services.

54.     Z.M. was diagnosed with Autism Spectrum Disorder (ASD) through appropriate screening; however, SCDHSS had failed to arrange for corrective treatment in the form of medically necessary, prescribed ABA therapy the need for which was disclosed and prescribed during the screening process.

55.     The right to corrective treatment for eligible individuals the need for which is disclosed during EPSDT screening is a federal right enforceable under 42 U.S.C. §1983.

56.     Defendant Baker in his official capacity and under the color of state law is depriving Z.M. and the members of the Class of their rights secured by the Medicaid Act by failing to arrange for corrective treatment in the form of medically necessary, prescribed ABA therapy the need for which was disclosed and prescribed during the EPSDT screening. 42 U.S.C.A. § 1983

57.     The Plaintiff requests this court declare that Defendants' actions and inactions violate 42 U.S.C. § 1983, Title XIX of the Social Security Act and specifically their rights secured by the Medicaid Act to  for corrective treatment in the form of medically necessary, prescribed ABA therapy the need for which was disclosed and prescribed during the EPSDT screening.

## COUNT II
## INJUNCTIVE RELIEF

58.     The actions of the preceding paragraphs are alleged as if fully repeated herein.

59.     The Plaintiff Z.M. and the Class are suffering and continue to suffer irreparable injury by being denied their rights to receive medically necessary ABA therapy.

60.     This is especially harmful to the Plaintiff and class being children whose success in ABA therapy requires early intervention and treatment.

61.    The remedies available at law, such as monetary damages, are inadequate to compensate for that injury.

62.    The Defendant Baker and SCDHSS have been willing to authorize or pay limited amounts for ABA therapy, but under the current administration medical assistance is not being provided as required by the Medicaid Act and the lack of regular and reasonably prompt medical assistance in the form of medically necessary ABA therapy will not be solved only by awarding the Plaintiff monetary damages.

63.    Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

64.    The Plaintiffs are suffering direct, serious, and irreversible harm, and will, in the future, suffer even greater harm, if the injunction is not issued. The Plaintiffs are not receiving the ABA therapy and other benefits to which they are entitled under Medicaid. Consequently, they are failing to develop skills, which will enable them to achieve their greatest functional capacity and highest level of independence.

65.    They may even be losing skills previously acquired because the services they are receiving are insufficient to maintain them.

66.    The lack of medical assistance and treatment is also providing undue stress and hardship on the families who are the first line of support for these children in desperate need of care.

67.    The harm to the Defendant Baker and SCDHSS is the additional budgetary allocations, time and effort required to recruit sufficient Providers, to ensure medical assistance for ABA services are provided regularly and promptly.

68.    However, Medicaid is a voluntary program. Medicaid provides entitlements.

69.    Budgetary constraints, however, are no defense for the failure to provide Medicaid entitlements. See Doe v. Chiles, 136 F.3d 709, 722 (11th Cir. 1998); Alabama Nursing Home Ass'n v. Harris, 617 F.2d 388, 396 (5th Cir. 1980) (stating that "inadequate state appropriations do not excuse noncompliance")

70. Also, the evidence shows that not providing ABA therapy **NOW** will result in much higher costs to the state in the long run. A central purpose of EPSDT is to "[a]ssure that health problems found are diagnosed and treated early, before they become more complex and their treatment more costly.

71. Failing to provide adequate ASD treatment results in lifelong social costs estimated at 3.2 million dollars per child.

72. The public interest would not be disserved by a permanent injunction.

73. While the public has an interest in conserving public funds, the long-term budgetary concerns will better served by granting the injunction. It will be far more expensive to pay for institutionalizing eligible persons.

74. In addition to budgetary concerns, other public interest concerns weigh in favor of granting the injunction. The public is certainly much better served when those with ASD achieve their greatest degree of independence and functional capacity.

75. The public is also much better served when families are not subjected to unnecessary stresses in caring for their disabled family members and when families are permitted to stay intact instead of being forced to institutionalize their loved ones when the strain of meeting their needs, or failing to meet their needs, becomes too great.

76. These concerns prompted Congress to provide these Medicaid entitlements in the first place.

77. This court should issue appropriate injunctive relief to enjoin Defendants from continuing to violate 42 U.S.C. § 1983, Title XIX of the Social Security Act and causing irreparable injury to Z.M. and the members of the Class from receiving medically necessary and approved ABA therapy.

78. The court should further require Defendant Baker and SCDHSS to take appropriate steps to remedy their violations.

**WHEREFORE**, the Plaintiff, on behalf of himself and all those in the Class similarly situated, respectfully requests that the Court:

a. retain jurisdiction over this action;

b. certify this case to proceed as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2);

c. declare that Defendants' actions and inactions violate 42 U.S.C. § 1983, Title XIX of the Social Security Act,;

d. issue appropriate injunctive relief to enjoin Defendants from continuing to violate 42 U.S.C. § 1983, Title XIX of the Social Security Act, and to take appropriate steps to remedy their violations;

e. issue such other relief as may be just, equitable, and appropriate, including an award of reasonable attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. §§ 1988 and 12205 and 29 U.S.C. § 794a(b).

Respectfully submitted,

/s/ Tobias G. Ward, Jr.
Tobias G. Ward, Jr. (Fed. ID No. 4520)
J. Derrick Jackson (Fed ID No. 5836)
TOBIAS G. WARD, JR., P.A.
534 Congaree Avenue
Post Office Box 50124
Columbia, South Carolina 29250
(803) 708-4200
tw@tobywardlaw.com
Attorneys for Plaintiff

July 24, 2018
Columbia, South Carolina.